IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELDON A. GRESHAM, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | No. 3:14-cv-3589-P |
| | ) | (No. 3:10-cr-267-P-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Dkt. No. 1, No. 3:14-cv-3589[1]], filed by Petitioner Eldon A. Gresham, Jr., a prisoner currently incarcerated in the federal prison system.

### I.  Background

On September 21, 2010, a ten-count indictment, alleging mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341, and 2, was handled down against Gresham. *See* Dkt. No. 1. Gresham was arrested in Georgia on September 23, 2010. *See* Dkt. No. 6. And he was arraigned and pleaded not guilty to all counts of the indictment on October 13, 2010. *See* Dkt. Nos. 3 & 4.

Gresham's case traveled a rather protracted path toward resolution. Along the way, on December 14, 2011, Gresham was adjudged competent to stand trial

---

[1] All record citations are to the criminal action, No. 3:10-cr-267, unless otherwise noted.

and his request to represent himself was granted, but his prior counsel, Assistant Federal Public Defender Sam Ogan, was appointed to serve as standby counsel. *See* Dkt. No. 40. A superseding indictment alleging four counts of mail fraud, aiding and abetting [Dkt. No. 64] was filed March 6, 2012. On December 3, 2012, a pretrial conference, at which Gresham did not appear due to health issues, was held. Trial was then reset to commence January 14, 2013, with a pretrial conference on January 3, 2013. *See* Dkt. No. 121. And Gresham's pretrial release was revoked, and he was arrested on December 13, 2012. *See* Dkt. Nos. 122 and 125.

On January 3, 2013, Gresham, appearing *pro se*, entered a plea of guilty to Count 3 of the superseding indictment. *See generally* Dkt. Nos. 127 (factual resume); 128 & 129 (plea agreement and supplement); and 141 (re-arraignment transcript). The plea agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), under which "the parties agree[d] that a maximum prison term at the bottom end of whatever United States Sentencing Guidelines range is ultimately determined by the Court is the appropriate custody disposition of the case." Dkt. No. 128, ¶ 5.

Although Gresham attempted to withdraw his guilty plea, *see* Dkt. No. 140, his effort was not successful. And ultimately, on October 3, 2013, Gresham was sentenced to 168 months' imprisonment – the bottom end of the Guideline range, assessed $100, and ordered to pay restitution totaling $9,985,403.35. See *Dkt.* No. 177.

There was no direct appeal, and this petition was timely filed September 29,

2014. *See* 28 U.S.C. § 2255(f)(1); FED. R. APP. P. 4(b)(1)(A).

## II. Summary Dismissal

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for summary dismissal "[i]f it plainly appears … that the moving party is not entitled to relief[.]" *Id.* As explained below, summary dismissal of Gresham's § 2255 motion – asserting that his standby counsel was ineffective, a search warrant was lacking, there was prosecutorial misconduct, and his guilty plea is not valid – is appropriate.

### A. Waiver

A defendant can waive his right to appeal and to seek post-conviction relief as part of a plea agreement if the waiver is informed and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992)); *see also United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) ("We will follow this wealth of authority and hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."). "'It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right.'" *Wilkes*, 20 F.3d at 653 (quoting *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

Here, Gresham's plea agreement [Dkt. No. 128] provides

> Gresham waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Gresham,

> however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of his guilty plea or this waiver

*Id.*, ¶ 13.

### B. Voluntariness of the Guilty Plea (and Waiver therein) and Ineffective Assistance and Prosecutorial Misconduct Claims

Gresham asserts that his "guilty plea was done at the last minute," that his attorney – then only his standby counsel – "did not discuss the plea agreement" (presumably) with him, and that he "did not understand the charges against him[] or the consequences [of pleading guilty]." Dkt. No. 1 at 12. Gresham then claims that his related claim of ineffective assistance of counsel affects the validity of his guilty plea and that that plea "was induced by threats and promises." *Id.*

Relatedly, he asserts a claim of ineffective assistance of standby counsel. *See id.* at 5 ("In the instant case[,] the defendant fired his court appointed attorney because of ineffectiveness[, and] ... and the court ordered the attorney to be an advisor to the defendant which in turn the attorney was very influential on the case and continued to be ineffective ... [and] caused the defendant to plea guilty even though the defendant continued to claim his innocence."). And he also asserts that prosecutorial misconduct taints the guilty plea he entered: "the defendant asserts that his waiver of rights was involuntary as a result of Government coercion." *Id.* at 10.

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (citing *Brady v. United States*, 397

U.S. 742, 748 (1970)). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him," *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)), and a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion, *see United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gratia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

Gresham's conclusory attacks as to validity of his guilty plea are belied by the transcript of Gresham's January 3, 2013 re-arraignment. *See, e.g.*, Dkt. No. 141 at 3:8-4:7 (acknowledging he had seen the superseding indictment, understood the charges in that indictment, understood that Count 3 of that indictment charged him with mail fraud, and had discussed that indictment with Mr. Ogan); 6:9-12:7 (Gresham acknowledged that he understood all of the information in the plea agreement, the AUSA summarized the agreement in open court, and then Gresham acknowledged that he had read the agreement in its entirety and had reviewed it with Mr. Ogan before signing it); 13:17-17-1 (the Court discussed, and Gresham

acknowledged he understood, "the entire range of punishment that applies here to Count 3 of the indictment"); 21:8-24:16 (the factual resume, which Gresham had already signed, was read into the record and Gresham acknowledged that he had reviewed the factual resume with Mr. Ogan and the United States Attorney's Office, then confirmed the stipulated facts were true and correct, and pleaded guilty to Count 3 of the superseding indictment).

And, as the following exchange shows, the Court specifically discussed the waiver provision of the plea agreement with Gresham:

> THE COURT: And that is what you want to do as part of your agreement with the Government is limit your right of appeal as you have done so here. Is that correct?
>
> THE DEFENDANT: Yes, sir. Since I was asked to do this as part of the agreement, yes, sir.
>
> THE COURT: Right. The Government typically conditions plea agreements on the waiver of the right of appeal, so this is something they typically do.
>
> Of course, you understand you don't have to enter into this plea agreement?
>
> THE DEFENDANT: Yes, sir. I have known that for some time. Yes, sir.
>
> THE COURT: All right. But as part of entering it, then by agreeing to enter it then you are agreeing to limit your right of appeal as explained. Is that correct?
>
> THE DEFENDANT: Yes, sir.

*Id.* at 13:1-16.

This sworn testimony carries a strong presumption of verity in this – a subsequent post-conviction – proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). And

"[n]othing in the record supports [Gresham's] conclusory and self-serving assertion that his plea was improperly induced, involuntary, or made without understanding of its consequences." *United States v. Presley*, Nos. 3:12–CV–0978–P, 3:07–CR–0338–P(01), 2012 WL 3184467, at *2 (N.D. Tex. Aug. 6, 2012) (citing *Salazar v. United States*, No. 3:08–CV–1799–L, 2008 WL 4791461 at *3 (N.D. Tex., Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary). The Court therefore finds no merit to Gresham's claims that his plea of guilty was not voluntary, knowing, and intelligent.

While, a guilty plea is also open to attack on the ground that counsel did not provide the defendant with reasonably competent advice, *see, e.g., Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (citing cases), here, Gresham was proceeding *pro se*, and because Gresham "represented himself, he cannot claim that his own efforts amounted to ineffective assistance of counsel." *United States v. Hoenig*, No. CRIM 402-CR-035-Y, CIV 404-CV-770-Y, 2006 WL 2993262, at *2 (N.D. Tex. Oct. 18, 2006) (further acknowledging that, like Gresham here, the defendant there was proceeding *pro se* with stand-by counsel but, "because Hoenig was not entitled to stand-by counsel, he [was] not entitled to relief for any alleged ineffectiveness of such counsel") (footnotes omitted); *see Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").

In *Hoenig*, this Court relied on Second Circuit precedent and Fifth Circuit dicta to support the stand-by counsel point. *See* 2006 WL 2993262, at *2 n.13 (citing *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998); *United States v. Mikolajczyk*, 137 F.3d 237, 246 (5th Cir. 1998)). Subsequently, the Fifth Circuit explicitly relied on *Morrison* in a published opinion for the position that because there is not "a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel." *United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011) (quoting 153 F.3d at 55); *see United States v. Dorsey*, Nos. 4:13–CV–013–A, 4:10–CR–190–A, 2013 WL 1804027, at *5 (N.D. Tex. Apr. 29, 2013) ("While the court may appoint standby counsel to assist a criminal defendant appearing *pro se*, and the court in fact appointed Fleury as movant's standby counsel at movant's sentencing hearing, there is no constitutional right to the appointment of standby counsel. Accordingly, without a constitutional right to standby counsel, movant had no right to effective assistance of such counsel." (citing *Oliver*, 630 F.3d at 414; *Morrison*, 153 F.3d at 55; *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)).

### C. Search Warrant Claim

Gresham also claims that there was no search warrant for either his residence or office. *See* Dkt. No. 1 at 7. Quite simply, to the extent this conclusory Fourth Amendment claim has any merit, which does not appear to be the case, it has been waived by Gresham's knowing and voluntary guilty plea and by the waiver in the plea agreement itself.

The Fifth Circuit has held that a defendant's "voluntary guilty plea waives all

-8-

non-jurisdictional defects in the proceedings against the defendant[,]" *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), including putatively unreasonable searches and seizures, *see Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (holding that searches and seizures alleged to run afoul of the Fourth Amendment are defects that defendant "waived his right to challenge when, as found above, he entered a knowing and voluntary guilty plea"); *see also Balleza v. United States*, Nos. 3:11–CV–0505–K, 3:08–CR–079–K, 2012 WL 1859872, at *3 (N.D. Tex. May 17, 2012) ("A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction," including "objections to searches and seizures that violate the Fourth Amendment." (quoting *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002)); *United States v. Sublet*, 211 F. App'x 301, 302 (5th Cir. Dec. 27, 2006) (per curiam) ("With respect to his guilty-plea convictions, Sublet has waived all non-jurisdictional defects in the proceedings before the district court by entering a valid, unconditional guilty plea. *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999). That waiver includes the right to appeal any Fourth Amendment claims. *United States v. Diaz*, 733 F.2d 371, 376 n.2 (5th Cir. 1984).").

### III.  Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by

the Court conclusively show that movant is entitled to no relief.

### IV. Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. Gresham has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event Gresham elects to file a notice of appeal, the Court notes that Gresham will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis..*

### V. Conclusion

For the foregoing reasons, the Court summarily **DENIES** Gresham' motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

Signed this 2nd day of February, 2015.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE